UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

DANNY BEARD,

                Plaintiff,                                   Case No.  1:10-CV-630

v.                                                     HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

———————————————/

**ORDER APPROVING REPORT AND RECOMMENDATION**

Plaintiff objects to the Magistrate Judge's Report and Recommendation ("R & R") issued

on August 12, 2011, recommending that the Commissioner's decision denying Plaintiff's application

for Social Security disability insurance benefits be affirmed.  The Magistrate Judge concluded that

substantial evidence supported the ALJ's determination that Plaintiff was not disabled as defined

in the Social Security Act.

"The district judge must determine de novo any part of the Magistrate Judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  De novo review in these

circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron*

*Co.*, 656 F. 2d 1208, 1215 (6th Cir. 1981).  The Court has conducted a de novo review of the

Magistrate Judge's R & R, along with a review of the evidence before the Magistrate Judge, and

concludes that the R & R should be adopted by the Court.

Plaintiff's overarching objection to the R & R is that it did not address Plaintiff's "sentence

by sentence critique of the ALJ reasoning" and the R & R "should analyze that criticism."  The

scope of judicial review in a social security case is limited to determining whether the Commissioner

applied the proper legal standards in making her decision and whether there exists in the record

substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). In determining the substantiality of evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). Moreover, the Magistrate Judge may not resolve evidentiary conflicts or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1989).

The Magistrate Judge did not have to address Plaintiff's critiques sentence by sentence. Rather, the Magistrate Judge found, and this court agrees, that by considering the evidence on record as a whole, substantial evidence exists to exclude drowsiness from Plaintiff's RFC assessment. Furthermore, looking at the individual critiques, substantial evidence supports the ALJ's assertions.

First, substantial evidence exists to say that Plaintiff did not regularly use his CPAP device. On multiple occasions Plaintiff reported being uncomfortable using it. His physician counseled him on the *daily* advantages of using his CPAP device. Moreover, Plaintiff remained fatigued, suggesting he had not been using his CPAP as instructed by his physician.

Second, substantial evidence exists for the ALJ to consider Plaintiff's reports of poor sleep due to snoring. The ALJ noted, which Plaintiff does not object to, that his "cardiologist noted in January 2008 that the claimant reported poor sleep due to snoring."

Plaintiff also objects to the ALJ's statement that tiredness is a known side effect of the medication Metoprolol, but Coreg has no known side effect of tiredness. However, Plaintiff provides no evidence that Coreg has a side effect of tiredness. Furthermore, Plaintiff himself reported that Coreg did not produce any side effects. Therefore, even if the only evidence in the record, with regard to the effects of Metoprolol and Coreg, is Plaintiff's medical history - exhibiting tiredness from Metoprolol but none from Coreg - the ALJ had substantial evidence to find Coreg has no known side effect of tiredness.

Furthermore, the Magistrate Judge correctly found substantial evidence to exclude "fatigue" from Plaintiff's work limitations in his RFC assessment. First, "fatigue" due to sleep apnea, as found in the R & R and by the ALJ, does not equate to work preclusive drowsiness. Second, no doctor ever opined that Plaintiff's work is limited due to fatigue. Third, the ALJ did not disregard the applicable regulations - Plaintiff's reasons for failing to follow his prescribed treatment do not even come close to the "justifiable causes" listed in SSR 82-59, and, as already noted, substantial evidence exists that Plaintiff did not follow treatment. *See* SSR 82-59 (*available at* Dkt. #11, Ex. 1.)

Also, the ALJ's own findings do not support an award of disability for a closed period. The ALJ found that Metoprolol has sedating side effects. However, for reasons discussed in this Order, the R & R, and by the ALJ, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the RFC assessment. That is, even before Plaintiff switched to Coreg, the ALJ discounted Plaintiff's subjective allegations of drowsiness due to his varied allegations, lack of physician opinion confirming work preclusive drowsiness, and lack of overall credibility; this is substantial evidence to support the ALJ's decision.

Therefore, it is hereby ordered that the Report and Recommendation (Dkt. #12) of the Magistrate Judge is **ADOPTED** as the Opinion of this Court, and the decision of the Magistrate Judge is hereby **AFFIRMED**. Judgment will be entered for Defendant.

Dated: September 29, 2011                              /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

3